**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| CARL LEE LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CV-362-HAB |
| | ) | |
| E.M. and CITY OF FORT WAYNE | ) | |
| INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case represents one of the last gasps of Plaintiff's attempt to cast his repeated, if often

minor, violations of Indiana law as a broad conspiracy to violate his civil rights. With respect to

these Defendants, all that is left is a Fourth Amendment claim against Defendant E.M. ("Officer

Melia") and a corresponding *Monell* claim against Defendant City of Fort Wayne (the "City").

This matter comes before the Court on Defendants' Motion for Summary Judgment (ECF No.

126), filed on March 7, 2019, and Plaintiff's Motion for Entry of Default; for Summary Disposition

and/or Request for Trial by Jury (the "Motion") (ECF No. 133), filed on April 4, 2019. For the

following reasons, the Court determines that Defendants are entitled to judgment as a matter of

law.

**FACTUAL BACKGROUND**

Plaintiff's claim arises out of a traffic stop that occurred on May 16, 2016.[1] At 9:21 p.m.,

Officer Melia was travelling southbound on South Clinton Street in Fort Wayne, Indiana behind a

black Chevy sedan (the "Chevy"). While travelling behind the Chevy, Officer Melia observed a

---

[1] Plaintiff has never identified a specific interaction on which he bases his claim. However, since this stop was Officer
Melia's only interaction with Plaintiff, it is fair to evaluate Plaintiff's claim using this stop as the factual background.

burning object, likely a cigarette, thrown out of the driver's side of the Chevy and land on the street. Based on his training and experience, Officer Melia knew that throwing a burning object from a moving vehicle is a violation of I.C. § 35-45-3-3. Accordingly, after witnessing a violation of Indiana law, Officer Melia initiated a traffic stop of the Chevy.

After Officer Melia activated the lights and siren on his squad car, the Chevy turned left onto Pontiac Street and into the parking lot of a nearby fast food restaurant. Officer Melia followed and, after both vehicles stopped in the parking lot, Officer Melia approached the driver's window. There, Officer Melia began speaking with Plaintiff, while other officers arrived on the scene and stood by as back up. Officer Melia informed Plaintiff why he had initiated a traffic stop and obtained Plaintiff's identification. Officer Melia then issued a written warning to Plaintiff for littering, specifically for throwing a burning object from a moving vehicle.

After Officer Melia gave Plaintiff the written warning, the traffic stop was complete. The entire traffic stop took approximately thirteen minutes from start to finish. Officer Melia had no further interactions with Plaintiff.

## PROCEDURAL BACKGROUND

As noted above, Defendants' Motion for Summary Judgment and Memorandum in Support (ECF No. 127) were filed on March 7, 2019. In compliance with Northern District of Indiana Local Rule 56-1(f), Defendants mailed the motion, memorandum, and a Notice of Summary Judgment Motion to Plaintiff at 201 Westwind Drive, Apt. 4, Michigan City, IN 46360. While this was the address initially on file for the Plaintiff, a Notice of Change of Address (ECF No. 123) was filed by Plaintiff on December 12, 2018, changing Plaintiff's address to 203 Westwind Dr., Apt. D, Michigan City, IN 46360. Defendants, then, had mailed the summary judgment filings to the wrong address. Unsurprisingly, Defendants' mail was returned as undeliverable. (ECF No. 131).

Defendants ultimately realized their mistake and advised the Court on March 25, 2019, that they would re-send the summary judgment filings to the correct address. (ECF No. 132). Those filings, too, were returned as undeliverable. (ECF No. 135).

In the interim, Plaintiff filed the Motion. As part of the Motion, Plaintiff submitted four different exhibits consisting of incoming letters and mailing envelopes bearing the 203 Westwind Dr., Apt. D, address. (ECF No. 133 at 12–15). At the bottom of each exhibit is a handwritten note stating that the exhibit is "evidence that Plaintiff has been receiving his mail at this address." (*Id*.). The Court is left to conclude, then, that Defendants have properly sought to serve Plaintiff at the address: (1) on file with the Court; and (2) where Plaintiff himself states he receives his mail. Plaintiff has submitted no filings related to Defendants' Motion for Summary Judgment.

## LEGAL ANALYSIS

**A.** ***Summary Judgment Standard***

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

When reviewing a motion for summary judgment, the Court typically views the facts in the light most favorable to the non-moving party, *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir. 2002), but when a party fails to respond to a motion for summary judgment, its failure "constitutes an admission . . . that there are no disputed issues of genuine fact warranting a trial." *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (failure to controvert movant's facts deemed an admission of those facts). Thus, the Court deems Plaintiff's failure to respond as an admission that Defendants' version of the facts is true.

**B.** *Defendants' Motion for Summary Judgment*

1. *Probable Cause Existed for the Traffic Stop*

Plaintiff cannot prevail on his claim that the May 16, 2016, traffic stop was a violation of his Fourth Amendment rights unless the stop was unreasonable. *United States v. Miranda-Sotolongo*, 827 F.3d 663, 666 (7th Cir. 2016). The Supreme Court has held that the decision to stop an automobile is reasonable when the police have probable cause to believe that a traffic

violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Smith*, 668 F.3d 427, 430 (7th Cir. 2012) ("A traffic stop does not violate the Fourth Amendment when the police officer has probable cause to believe that a driver has committed [a traffic violation]."). Probable cause exists when "the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense." *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir. 2000). "A stop and search can be reasonable even if the defendant did not actually commit an offense as long as the officer reasonably believed an offense occurred." *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006).

In Indiana, "[a] person who throws from a moving motor vehicle: (1) a lighted cigarette, cigar, or match; or (2) other burning material; commits a Class A infraction" Ind. Code § 35-45-3-3. Based on his observation, Officers Melia believed that Plaintiff had thrown a burning cigarette from his vehicle in violation of Indiana Code. These circumstances supplied the necessary probable cause for the stop.

Defendants have identified those portions of the record that they believe demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, Plaintiff was required to marshal and present the court with the evidence on which a reasonable jury could rely to find in his favor. *See AA Sales & Assocs., Inc. v. Coni-Seal, Inc.*, 550 F.3d 605, 613 (7th Cir. 2008). "When a plaintiff fails to produce evidence, the defendant is entitled to judgment; a defendant moving for summary judgment need not produce evidence of its own." *Marion v. Radtke*, 641 F.3d 874, 876–77 (7th Cir. 2011) (citing *Celotex*, 477 U.S. 317).

Temporally, the Motion was filed at a time the Court would expect a response to Defendants' Motion for Summary Judgment. However, the Motion does not reference Defendants' Motion for Summary Judgment, nor does it designate any evidence in opposition to that motion.

Accordingly, the Motion does not meet the requirements for an adequate response to a summary judgment motion. As the Notice of Summary Judgment served upon the Plaintiff states, "Following the rules does not guarantee that the summary-judgment motion will be denied. But if you do not follow the rules, you may lose this case." (ECF No. 129 at 1).

Plaintiff's claims fail because he puts forth no evidence that would enable a reasonable jury to find that Officer Melia lacked probable cause to stop his vehicle. Because Plaintiff has not presented the Court with evidence on which a reasonable jury could rely to find in his favor, *see Goodman*, 621 F.3d at 654, Officer Melia is entitled to judgment as a matter of law on the claim that he violated Plaintiff's Fourth Amendment rights in connection with the May 16, 2016, traffic stop.

2.      *Plaintiff has Stated no Claim under* Monell

Plaintiff has named the City as a Defendant. The claims against the City fail as a matter of law because a municipality's liability for a constitutional injury "requires a finding that the individual officers are liable on the underlying substantive claim." *Tesch v. Cty. of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998) (first citing *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); then citing *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997); and then citing *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994)); *see also Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) (quoting *Tesch*).

Because Officer Melia did not commit any constitutional violations, summary judgment in favor of the City is appropriate.

C.      *The Motion*

Although the Plaintiff requests the entry of default, that request is not supported by the record either, the Defendants not having "failed to plead or otherwise defend." Fed. R. Civ. P.

55(a). With respect to whether the Plaintiff is entitled to a trial—the other relief he requests— the right to a trial depends on the outcome of the Defendants' Motion for Summary Judgment. The Court has granted the Defendants' Motion for Summary Judgment thereby dismissing Plaintiff's claims. Because the Plaintiff's claims have been dismissed, he is not entitled to a trial.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 126). Plaintiff's Motion for Entry of Default; for Summary Disposition and/or Request for Trial by Jury (ECF No. 133) is DENIED. The Clerk will enter judgment in favor of Defendants and against Plaintiff.

SO ORDERED on June 5, 2019.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT